# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **PC DRIVERS HEADQUARTERS, LP,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 1:18-CV-00234-RP** |
| **v.** | § | |
| | § | |
| **MALWAREBYTES, INC.,** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, PC Drivers Headquarters, LP ("PC Drivers"), replies in support of its Motion for Preliminary Injunction (Dkt. No. 2).

## SUMMARY

Malwarebytes' reliance on an immunity defense to argue PC Drivers cannot show a likelihood of prevailing on its state law and Lanham Act claims for unfair competition is misplaced. Malwarebytes is not entitled to immunity because it is not being subjected to liability as a publisher or speaker of another's content. Rather, PC Drivers asserts Malwarebytes is liable for its own deceptive acts and practices, including its false and misleading statements concerning PC Drivers' products. Contrary to Malwarebytes' assertions, PC Drivers can show irreparable harm, that the balance of hardships favors PC Drivers, and that the public interest weighs in favor of an injunction.

## ARGUMENTS AND AUTHORITY

### A. Malwarebytes' Conduct is Not Shielded by Section 230(c).

Although certain courts in other jurisdictions have found that anti-virus companies, including Malwarebytes, fall within the definition of "interactive computer service," such

holdings are contrary to the statutory definitions under Section 230.[1] Malwarebytes does not enable computer access by multiple users, and it is not a service or system that provides access to the internet. Under the broad definition relied upon by Malwarebytes, any software provider could claim immunity simply by permitting its customers access to its servers for software updates. Indeed, following Malwarebytes' theory, Microsoft could disable Google Chrome on any computer that uses Microsoft Office and claim immunity because the customer could access Microsoft's server for Microsoft Office updates. This cannot be the legislature's intent, and the cases adopting such an expansive definition should not be followed in this Circuit.

> 1.     **Malwarebytes' Conduct Goes Beyond Providing Technical Means to Restrict Access as Required Under Section 230(c)(2)(B).**

Malwarebytes' interference with PC Drivers' website and products is not protected under Section 230. Malwarebytes' conduct goes well beyond providing the technical means to restrict access. In applying Section 230, courts have held that that the claim must seek to hold the party liable as a publisher or speaker of another's content.[2] Here, PC Drivers is seeking liability for Malwarebytes' own published statements - specifically that PC Drivers is a "malicious website," a "threat" to be "quarantined," and "system optimizer," which uses "intentional false positives." These statements are false. Malwarebytes is not immune from liability for its own false statements.[3]

---

[1]     "The term 'interactive computer service" means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(3).

[2]     *FTC v. LeadClick Media, LLC*, 838 F.3d 158, 173 (2d Cir. 2016); *Fair Housing Council v. Roommates.com, LLC*, 521 F.3d 1157, (9th Cir. 2008).

[3]     *See id.*

Nor can Malwarebytes cast its own false statements as merely "making available the technical means" to restrict access to objectionable material. Malwarebytes is using PC Drivers' Marks and advertising dollars to redirect Internet search engine results from PC Drivers' website to Malwarebytes' own website or software landing pages where its premium version products are made available for purchase. This constitutes actionable interference and unfair competition, not providing technical means to restrict access. In fact, Malwarebytes' conduct actually makes it more difficult to unsubscribe from PC Drivers' products, and its interference goes beyond providing means to restrict access. Further, Malwarebytes' conduct is contrary to consumer choice because Malwarebytes engages in misleading scare tactics and does not give the consumer any information or reasonable options to keep both products on their device.

2.    **Malwarebytes' Conduct is Not in Good Faith.**

Because Malwarebytes does more than merely provide the means to restrict access, it must demonstrate its actions to restrict objectionable content were made in good faith. 47 U.S.C. § 230(c)(2)(a). Courts have expressed caution at adopting an expansive interpretation of "otherwise objectionable" where providers like Malwarebytes might "abuse the CDA to block content for anticompetitive purposes or merely at its malicious whim, under the cover of considering such material 'otherwise objectionable.'"[4]

Malwarebytes' assertion that PC Drivers' products are objectionable because they exhibit qualities associated with PUPs are untrue. Its list includes an allegation of using "misleading warnings and notifications to would-be and existing users that their computers are insufficiently configured for optimal speed and Internet performance." Malwarebytes appears to be describing

---

[4]     *Sherman v. Yahoo! Inc.*, 997 F.Supp.2d 1129, 1138 (S.D. Cal. 2014); *Zango, Inc. v. Kasperskey Lab, Inc.*, 568 F.3d 1169, 1178 (9th Cir. 2009). *See also* 47 U.S.C. § 230(b)(2) (policy provisions of Section 230 "seek to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation.").

its own deceptive sales model, which includes creating misleading warnings and notifications regarding PC Drivers' products.

Malwarebytes' lack of good faith further is evidenced by its refusal to respond to PC Drivers' requests for explanations of its characterizations of PC Drivers' products.[5] If Malwarebytes' intention was to protect consumers, Malwarebytes would have informed PC Drivers of its alleged "bad" practices so it had an opportunity to correct them. Instead, Malwarebytes is attempting to profit by (i) conjuring a bogeyman to convince consumers to buy Malwarebytes' own software and (ii) redirecting traffic from PC Drivers' website to Malwarebytes' website. Not until PC Drivers filed a complaint and request for injunctive relief did Malwarebytes finally offer any alleged explanation for the PUP listing. The explanation contains falsehoods regarding PC Drivers' products and distribution. Malwarebytes is not acting in good faith when its reasons for listing PC Drivers as a PUP are objectively false. PC Drivers will present evidence of these falsities at the preliminary injunction hearing.

**B.      PC Drivers is Likely to Succeed on its Claims against Malwarebytes.**

Malwarebytes appears to concede that PC Drivers' anti-competition claims and state law claims have a likelihood of succeeding on the merits if this Court finds its conduct is not protected under Section 230. Its response focuses only on PC Drivers' Lanham Act claims. The plain language of Section 230 unambiguously precludes courts from construing Section 230 in a manner that would "limit or expand any law pertaining to intellectual property." 47 U.S.C. § 230(e)(2). Courts hold that this necessarily includes the unfair competition portions of the Lanham Act, including Sections 1125(a), (b), and (c), as well as state law intellectual property

---

[5]      *See Smith v. Trusted Universal Stds. In Elec. Transactions, Inc.* Civ. No. 09-4567, 2011 U.S. Dist. LEXIS 26757 *24-26 (D.N.J. Mar. 15, 2011) (Defendant not entitled to Section 230 immunity where reasonable jury could conclude that it acted in bad faith by failing to respond to requests for explanation).

claims for unfair competition.[6]

Despite Malwarebytes' arguments to the contrary, its use of PC Drivers' Marks is not nominative. Nominative fair use allows Malwarebytes to use PC Drivers' Marks truthfully in order to identify PCD's goods and service only for criticism, comparison or reference. But it is not a defense when, as alleged by PC Drivers in this suit, false or misleading statements of fact are made with respect to PC Drivers' product.[7] Nominative use is also not a defense to Malwarebytes practice of redirecting consumers clicking on paid PC Drivers' advertisements to landing pages where false and misleading statements of fact are made in conjunction with an offer to purchase Malwarebytes' premium products. Malwarebytes is not simply referencing PC Drivers' Marks, but instead deceives the public into believing PC Drivers' website and products are malicious, and that Malwarebytes' premium product is the solution to resolve any future "malicious" programs. Such conduct creates confusion and supports a cause of action for infringement and unfair competition.[8]

## **PRAYER**

WHEREFORE, PC Drivers respectfully requests that the Court grant its request for a Preliminary Injunction, and further prays for all other relief the Court finds just and equitable.

---

[6] *See Gucci Am. Inc. v. Hall & Assocs.*, 135 F.Supp.2d 409, 413(S.D.N.Y. 2001) (no Section 230 immunity for ISP from liability for Lanham Act and state law claims of unfair competition and trademark infringement); *Alt. Recording Corp. v. Project Playlist, Inc.*, 603 F.Supp.2d. 690, 702-704 (S.D.N.Y. 2009) (immunity does not defeat plaintiff's state law intellectual property claims for infringement and unfair competition.)

[7] *See BDO v. Seidman, LLP v. Alliantgroup, L.P.*, Civ. No. H-08-905, 2009 U.S. Dist. LEXIS 40325. *23-25 (S.D. Tex. 2009); *see also Alfa Laval, Inc. v. Flowtrend, Inc*., Civ. No. H-14-2597, 2016 U.S. Dist. LEXIS 60742, *19-20 (S.D. Tex. 2016).

[8] *See Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 204 (5th Cir. 1998) (finding that initial interest confusion generated from the use of an infringing mark is beneficial to the defendant by bringing consumers to the infringer); *Board of Regents of University of Houston v. Houston Coll. Of Law, Inc*., 214 F. Supp. 3d 573, 593 (S.D. Tex. 2016) (infringement can be based upon confusion that creates initial consumer interest, even though no actual sale is finally completed as a result of the confusion.).

Respectfully submitted,


By: <u>/s/ James G. Ruiz</u>
James G. Ruiz
State Bar No. 17385860
jruiz@winstead.com
Marcus J. Brooks
State Bar No. 24040579
mbrooks@winstead.com
Andrew J. Schumacher
State Bar No. 24051310
aschumacher@winstead.com
**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: 512.370.2800
Telefax: 512.370.2850

**ATTORNEYS FOR PLAINTIFF
PC DRIVERS HEADQUARTERS, LP**


## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 5th day of April, 2018, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


<u>/s/ James G. Ruiz</u>
James G. Ruiz